IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEANNA PHILLIPS, *et al*, <br> *Plaintiffs*, <br><br> v. <br><br> SIGMA SECURITY, LLC, *et al*, <br> *Defendants*. | Civil Action No. ELH-16-00801 |

## MEMORANDUM

On March 18, 2016, Deanna Phillips and Camille Bivins, plaintiffs, filed suit against Sigma Security, LLC ("Sigma") and Richard Fleurimond. Plaintiffs asserted wage claims against defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the Maryland Wage and Hour Law ("MWHL"), § 3-401 *et seq.* of the Labor & Employment Article ("L.E.") of the Maryland Code; and the Maryland Wage Payment and Collection Law, L.E. §§ 3-501, *et seq.*, ("MWPCL"). In addition to unpaid wages, plaintiff requested treble damages, reasonable attorneys' fees, and costs.[1]

Both defendants were served. *See* ECF 3 (Sigma); ECF 9 (Fleurimond). But, neither responded to the suit. Therefore, on October 30, 2016, plaintiffs filed a Motion for Clerk's Entry of Default For Want of Answer. ECF 10. The Clerk entered orders of default as to both defendants on September 15, 2016. ECF 11.

Thereafter, on October 21, 2016, plaintiffs filed a "Motion For Judgment By Default" against both defendants. ECF 12 ("Motion"). It is supported by "Affirmation in Support of Motion for Judgment by Default" ("Motion"), executed under penalty of perjury by George

---

[1] It is apparent that counsel contemplated a collective action under the Fair Labor Standards Act. *See, e.g.*, ECF 1; ECF 1-2; ECF 1-3; ECF 1-7. However, no collective action was ever pursued.

Swegman, counsel for plaintiff. ECF 12-1. In addition, the Motion is supported by affidavits as to damages submitted by Phillips (ECF 12-2) and Bivins (ECF 12-3). Plaintiffs' counsel also submitted an affidavit as to attorneys' fees and costs (ECF 12-4), accompanied by billing records for himself and a paralegal, and a "Non-Military Affidavit" (ECF 12-5). Finally, plaintiffs submitted a proposed order. *See* ECF 12-6.

Defendants have not responded to the Motion, and the time to do so has expired. Local Rule 105.2.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion but I shall reduce the award of attorneys' fees.

**Discussion**

**A.**

Sigma is a private security services organization that provides physical security on contract to various government and private entities in the Baltimore area. ECF 1 at 1. It is owned and operated by Fleurimond. *Id.* Plaintiffs worked as security guards for Sigma at various locations. *Id.*

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[2] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise the complaint must be supported by affidavit or

---

[2] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J).[3]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program*, 895 F. 2d 949, 950 (4th Cir. 1990); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006). But, that policy is not absolute. Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

As noted, defendants did not respond to the suit. Therefore, all of plaintiffs' factual allegations, other than those pertaining to damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). But, the court must determine whether the undisputed factual allegations constitute valid causes of action. *Id.* at 780-81; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Notably, allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit.

---

[3] Judge Grimm now serves as a United States District Judge. But, he authored *Monge* when he was a United States Magistrate Judge.

Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."). Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).

In its determination, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, Civ. No. 6:09cv00004, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the

defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

**B.**

Plaintiffs seek compensation for hours they worked, for which defendants did not pay them. The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, L.E. § 3-415(a) provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage," and L.E. § 3-420(a) provides that overtime wages shall be computed "on the basis of each hour over 40 hours that an employee works during 1 workweek." Further, 29 U.S.C. § 216(b) states:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Maryland law is to the same effect. If states: "If an employer pays an employee less than the wage required under this subtitle, the employee may bring an action against the employer to

recover the difference between the wage paid to the employee and the wage required under this subtitle," as well as costs and attorney's fees. L.E. § 3-427(a) & (d).

With regard to the payment of regular wages, the MWPCL provides, *inter alia*, that an employer "shall pay the employee all wages due upon termination." L.E. § 3-505(a). Moreover, the employee has a cause of action against the employer under L.E. § 3-507.1(a), and L.E. § 3-507.1(b) provides that, if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." In addition, both Maryland and federal law require that employers keep records of employees' wages and hours. 29 U.S.C. § 211(c); L.E. § 3-424.

The amount defendants owe to plaintiffs is calculated based on plaintiffs' rate of compensation and the number of unpaid hours each worked. "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Lawns 'R' Us*, Civil No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) (Schulze, M.J.) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)); *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("Due regard must be given to the fact that it is the employer who has the duty under . . . the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the

employee to meet in carrying out his burden of proof."), *superseded by statute on other grounds, as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972).

An employee's statement under oath "as to his recollection of the hours she worked and the pays he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed." *Lopez*, 2008 WL 2227353, at *3. And, if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.*[4]

Phillips avers that she was paid between $10.59 and $11.46 an hour; she worked approximately 43 to 44 hours per week; and defendants did not pay her any overtime for work in excess of 40 hours per week. She claims unpaid overtime wages in the sum of $2,246.16 for the period of March 16, 2013 to May 2015. Phillips seeks the same amount in liquidated damages under the FLSA, and treble damages under the MWPCL. Therefore, she claims a total award of $6,738.48 in damages.

Bivens had the same hourly rate as Phillips. She was employed by Sigma for three years, from 2013 to 2015. She alleges in her Affidavit (ECF 12-3) that she worked about 45 to 46 hours per week and never received overtime for hours in excess of 40 per week. She claims overtime wages, "conservatively," of $3,094.35, plus liquidated damages under the FLSA and treble damages under the MWPCL, for a total award of $9,288.05 in damages.

---

[4] Judge Grimm explained in *Monge*, 751 F. Supp. 2d at 789 n.5: "In *Lopez*, 2008 WL 2227353, at *3 n.5, Magistrate Judge Schulze noted that '[t]hese standards apply to FLSA claims . . . . but application of the FLSA standards [to MWCPL claims as well] is appropriate in light of Maryland's similar requirement that employers keep records of employees' hours and wages' and that '[c]ases indicate that the same kind of evidence—including an employee's testimony—would be competent under Maryland law.'"

7

Upon review of the submissions and the applicable statutes, I am satisfied that plaintiffs have stated claims for violations of the Fair Labor Standards Act and the MWPCL. Moreover, the records support the award of the damages requested by plaintiffs.

## C.

I turn to plaintiffs' request for legal fees in the amount of $8,932 for counsel and $5,895 in paralegal fees. *See* ECF 14-1.[5] Counsel was first admitted to the Bar in 1975 and he has been in practice over 40 years. ECF 12-4 at 1.

According to plaintiffs' counsel, both he and his paralegal expended a total of 61.63 hours on this case. Of that time, counsel personally worked 22.33 hours and his paralegal devoted 39.3 hours to this case.[6]

Initially, plaintiffs' counsel submitted a proposed order that the Court was unable to use, for the reasons stated by the Court in its Order of November 15, 2016. *See* ECF 13. In addition, the request for attorney's fees submitted with the Motion (ECF 12) was also defective, for the reasons stated in my Order of November 15, 2016. *See* ECF 13. Therefore, on November 17, 2016, plaintiffs' counsel submitted a corrected request for counsel fees and costs. *See* ECF 14.

In the revised submission, plaintiffs' counsel represents that he spent 4.48 hours on case development; 8.3 hours on pleadings; and 9.55 hours on motions practice. ECF 14-2 at 2. In addition, he claims that his paralegal spent 15.48 hours on case development; 13.16 hours on pleadings; and 10.66 hours on motions practice. ECF 14-1 at 1. Counsel also represented that he bills his time at the rate of $400 per hour, and his paralegal's time is billed out at $150 per hour.[7]

---

[5] In ECF 12-4 at 4, counsel sought $8,766.71 for his fees and $6,092.50 for his paralegal.

[6] In ECF 12-4 at 1, counsel claimed he spent 62.53 hours and that his paralegal spent 21.92 hours on the case.

[7] Counsel has not addressed whether the paralegal's rate is a customary one.

Therefore, for both counsel and the paralegal, they have requested a total award of legal fees in the sum of $14,827. *Id.*

It is difficult to comprehend the amount of time that counsel and his paralegal devoted to this rather uncomplicated and uncontested case – a total of 61.63 hours. Perhaps counsel and the paralegal expended time on the case because, at least initially, they intended to pursue a collective action. That action never materialized, however, and there is no reason to award fees for that aspect of the case.

Based on my review of the submissions, I cannot award 9 plus hours of time to counsel for "motions practice" and an additional 11 hours of time for the paralegal for motions practice. Moreover, the paralegal's request for over 15 hours of time for "case development" and over 13 hours for "pleadings" seems quite excessive, given the content of the actual submissions and the fact that there was no opposition in this case.

The Complaint itself consists of barely 12 pages. The Motion is two pages in length, and the various supplements to the Motion are short and uncomplicated. Many of the entries on the billing records refer to time spent by the paralegal reviewing the matter with counsel. For example, there are many entries for "status review W/GES&Notes." These status reviews appear entirely duplicative.[8]

Further, and to illustrate, on July 6, 2016, I sent a letter to counsel that was basically one page in length, indicating that the Rule 4(m) deadline had passed, with no service having been achieved as to Fleurimond. I directed plaintiffs' counsel to show cause as to why he had not yet filed for clerk's entry of default as to Sigma and to explain why Fleurimond had not yet been

---

[8] Appendix B to the Local Rules (Rules and Guidelines For Determining Attorneys' Fees in Certain Cases) generally allows compensation for the work of only one lawyer, even if more than one lawyer is working on the case. *See* Appendix B, 2.d.

served. Among other things, counsel incurred $366.57 in fees to review that Order. *See* ECF 14-2 at 5. That Order apparently was again reviewed by counsel for an hour on July 14, 2016. *Id.* Counsel billed over $1,200 on July 20, 2016, another $900 on July 21, 2016, as well as another $400 on July 22, 2016, in connection with my show cause order and the submission on July 22, 2016, of the response to the show cause order. *See* ECF 5. That submission was one page, with a number of attachments. In addition to counsel's time, the paralegal charged to proofread.

The request for legal fees also includes billing to prepare bills for fees. The billing records also reflect overlap in work.

Pursuant to 29 U.S.C. § 216(b) and L.E. §§ 3-507.1 & 3-427(d), the court may award the employee's attorney's fees as well as costs. In calculating the appropriate award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (citations and internal quotation marks omitted).

"The Supreme Court has indulged a 'strong presumption'" that the "lodestar" figure, as defined by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "represents a reasonable attorney's fee." *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013). As indicated, to determine the lodestar figure, a court must multiply "'the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

However, when entering a default judgment, the Court may make an award of attorney's fees for an amount below the sum requested by the movant. *See DirecTV v. Agee*, 405 F. Supp. 2d 6, 8 (D.D.C. 2005) (concluding, on granting default judgment, that "plaintiff's requested relief ... for attorneys' fees [was] excessive" and awarding half of what was requested in the plaintiff's motion). In other words, a trial court is vested with discretion in determining the award of fees, given its "'superior understanding of the litigation.'" *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078–79 (4th Cir. 1986)); *see also McAfee*, 738 F.3d at 88; *Robinson*, 560 F.3d at 243.

A court determines a reasonable fee by assessing whether the hours worked were reasonable or whether the request includes hours that were unnecessary or duplicative. Thus, the plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after initially determining that the attorney's hourly rate was reasonable, that attorney's fees requested by plaintiff were reasonable, based on documentation of hours worked and the work completed); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorney's fees based on affidavits and the record).

In evaluating the reasonableness of the requested legal fee, the court must apply the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978); *see McAfee*, 738 F.3d at 88-89. The *Johnson* factors follow, 488 F.2d at 717-19:

11

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Here, counsel has been in practice for over 40 years, since 1975. ECF 14-1 at 2. Under Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, an attorney admitted to the Bar for 20 years or more may reasonably bill at the rate of $300-475 per hour. Local Rules App'x B at 3.e. Counsel claims the hourly rate of $400. That rate is reasonable.

Nonetheless, as stated, this uncontested case was not complicated. Moreover, plaintiffs' submissions are rather abbreviated. In my view, looking at all of the submissions, the fee request far exceeds what was reasonable and necessary to bring this relatively simple, uncontested matter to conclusion through the default judgment process. Therefore, I shall reduce the compensable hours for counsel to a total of 15, at the requested hourly rate, equal to the sum of $6,000. And, I shall allow an additional 12 hours of time for the paralegal, at the requested rate of $150 per hour, for a total of $1,800. The combined fee total is $7,800.

Plaintiffs also seek to recover costs of $1,325. In particular, they request reimbursement of $925 for attempts to make service of process as well as reimbursement of the court filing fee of $400. Plaintiff's request for costs is reasonable.

In an FLSA action, the "[p]ayment of costs to a prevailing plaintiff is mandatory. . . ." *Lopez*, 2008 WL 2227353, at *7. Under the FLSA, and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of

providing legal services.'" *Id.* (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation that would normally be charged to paying clients").

An Order follows.

Date: November 21, 2016                             /s/
                                                    Ellen L. Hollander
                                                    United States District Judge